Sotomayor, we will hear argument next in Case 17-9560, Raheif v. United States. Ms. Kakmus. Kakmus. Thank you, Mr. Chief Justice, and may it please the Court. To knowingly violate 922G, one must know the crucial fact that transforms his otherwise innocent firearm possession into a 10-year felony. That fact is his status. Applying a knowledge requirement to that fact makes sense, because ordinarily firearm possession is lawful and, in fact, in most cases, constitutionally protected. So it only makes sense that a person should be required to know he fits within that status before his firearm possession becomes illegal. What do you do in this very same statute? There are crimes where the legislature has said explicitly, well, let's take 922G and 922D, says selling firearms to one that the defendant knows or has reasonable cause to believe is a felon. So that makes – there's a case where the status, felon, has to be known to the defendant before he can have that knowing requirement. So why should we insert it? It's not there. Because 924A2 states that a person must knowingly violate 922G, knowingly modifies the verb violate and the direct object, 922G. Several of the provisions that are listed in 924A2 do have other types of knowledge requirements, but the knowingly still forms the default or the baseline knowledge if there is not an otherwise inserted knowledge. Additionally, this Court's precedent, and that makes sense in light of this Court's precedent, which attaches amends rea to every element that criminalizes otherwise innocent conduct. In fact, this Court does so even when knowingly is not in the statute. The Court reads it in. Here, Congress wasn't silent. It put knowingly in the statute for a purpose. Kagan. Ms. Kessler, do you agree that there is no mens rea element attached to the jurisdictional element? Yes, Your Honor. And so what is the difference between the two? This Court has carved out a very narrow exception for jurisdiction because that relates only to the power of the Congress to legislate, whereas in our instance, the statute we're talking about a substantive fact, something that criminalizes otherwise innocent conduct, something that goes to the defendant's culpability. Isn't the theory behind the conclusion that there's no mens rea element for a jurisdiction — no mens requirement for a jurisdictional element, the inference that this is not the kind of element for which Congress wanted to have a mental element? It's an inference about congressional intent. Would you agree to that? No, Your Honor. I would respectfully submit it is an exception carved out by the Court because Yeah. And what's the basis for the exception? Why have we carved out that exception? In the Commerce Clause, for example, the defendant's conduct is not related to that interstate transportation. There's no requirement that the defendant himself must transport the firearms in interstate commerce. Well, Congress could attach a mental element to that, could it not? Yes, it could. All right. And so why do we infer that it didn't? Because that goes to Congress's power to legislate and not to the defendant's conduct, whereas the status No, no. Congress could attach a mental element to the jurisdictional element. Right. It could, right? Yes, sir. We infer — we say, but it didn't, right? Yes, sir. And why do we say that? Again, because of the difference that's being targeted. The defendant's conduct is not being targeted by that element. It's something else. But why? Why do we say that it's — I'll try one final time. What is the theory behind the conclusion that Congress did not want the mental element to apply to the — the mental requirement to apply to the jurisdictional element? And again, from what I've gleaned from this Court's case is it's that the defendant's culpability is not an issue. The blameworthiness of the defendant is not, right? Yes, sir. In those elements, because whether you knew about the jurisdictional hook doesn't really go, we've assumed, to your blameworthiness, whereas whether you knew the elements of the offense, the other elements of the offense do, right? Yes, Your Honor. Thank you. But it's an inference about what Congress intended. That's what it — we infer Congress didn't want this. It could have done it, but it didn't do it. It didn't say it didn't do it directly, but we infer that it didn't do it. Yes, Your Honor. And the reason we do — we infer that because we think this is just not the kind of element that Congress wants to have a mental requirement attached to unless it says so expressly. Yes, Your Honor. We do infer that a mental element would attach to it if it's not simply jurisdictional if it's not solely concerning Congress's power to legislate, but has a substantive hook. Okay. So what is the — what reason would there be to infer that Congress wanted the mental requirement to apply to the defendant's own status? First of all, there is the language and structure of the statute. They put knowingly directly into 924A2 in front of violate 922G. If they had only wanted it to skip and to apply to the jurisdictional element — excuse me — to the possession element, they logically would have put it immediately in front of the possession element after the nine categories of people. What if there were no mental — what if the statute itself made no mention of any mens rea? Even when the statute is silent, this Court has inferred a mens rea for each substantive element, each element that relates to blameworthiness and to the — it criminalizes otherwise innocent conduct. So then your argument really doesn't depend on the text of the statute. Correct, Your Honor. This text supports us, but also this Court's inferences, applying a mens rea to each element, and also the purpose of FOPA in inserting knowingly in the first place in order to ensure gun owners are not caught up in a broad net for honest or innocent mistakes. I thought your argument did depend on the text of the statute, but you were saying in the alternative, even if there were no mens rea element, our cases require us to still require mens rea. Our argument is supported by the statute's text and structure, and we would respectfully submit the text and structure are plain, and so we don't need to go to the presumptions or legislative history. But in the event the Court feels it's not plain, the next step is to look at the presumptions. And this Court's presumptions, even if knowingly is not there, this Court presumes knowingly is right. Would this be a question about the consequences of your position? And the constitutional answer to the constitutional question shouldn't turn on it, but as a practical matter, I think I'm right that most of these possession cases are felon-in-possession cases. Yes, Your Honor. And if that's right and you prevail, then how many people who have been convicted under felon-in-possession charges could now say, well, the Supreme Court has said what has happened to me. I can't be convicted of a crime I was convicted of, so I want to get out. I want habeas. If we say that the read the requirement to go to the status as well as the conduct of possession, then wouldn't people who have been convicted have a habeas avenue to pursue? There would be a habeas avenue to pursue, Your Honor. However, habeas is not nearly as simple to navigate as a criminal proceeding. And once you reach the land of habeas, you have cause and prejudice that have to be shown for procedural default. It's even harsher than harmless error when you get into the habeas world. And so the number of people who might want to ask for relief might be more, but there is only a small but significant number of people out there who actually had a genuine dispute about their knowledge of their status. Well, I suppose it would get to whether or not a jury was instructed on the element of the offense that had to be knowing, so it may be broader than that. And in my experience, felon in possession is almost always what people are charged with at this level because it's the easiest thing to prove. You can prove whether they're a felon or not. You can prove whether they had a gun. You don't have to get into all the messy stuff about what they were up to. So I would think it would be a very, very substantial number of convictions. But in the – there's the practical and the legal answer. Practical answer, in all honesty, is that not that many people are going to be able to overcome all the huge procedural hurdles that are placed in front of habeas relief. And unless they had a genuine issue of fact or a genuine issue regarding their knowledge of their status, the chances of prevailing in habeas are slim to nil. If that high. What percentage of those guilty verdicts are by way of plea versus trial? For Section 922G, approximately 95 percent are guilty pleas. And there's no reason to believe that that's going to change significantly one way or another. Could you tell me exactly what do you think the – what are the facts he would need to know to be guilty? Because you can't have a mistake of law. Correct. And you can't be ignorant of the law. So what are the facts the government would have to prove? That he knew his visa was conditioned on his being a student? Yes, Your Honor, that he knew he was admitted into this country lawfully on a student non-immigrant visa, that the visa had specific requirements, and that he failed to comply with or violated those requirements. All right. Does he need to know that I thought I read somewhere that he thought an immigration officer or judge had to revoke his visa? Did I read that wrong? Did I? Your Honor, in the trial court, that was another defense that was posited, that he wasn't lawfully and illegally in the country until an immigration judge had judged him to be so. But that's not the issue now before the court. It's the second aspect that the government – So your – the condition is that he knew he came in on a student visa that said he had to remain a student? Yes, Your Honor. And did they show that he was told that at the time of admission and he stopped being a student, that's enough? Yes, Your Honor. So how do we not go to harmless error here? I mean, at some point, he knows he stopped going to school. I apologize. How don't we have harmless error here? At some point, he knows he stopped going to school. We only have – He knows that he came in on a student visa because that's the only kind of visa he had. So what's his – why isn't this harmless error, even if we reach this issue in your favor? In our situation, we only have one side of the story because before trial, the defense was that Mr. Raheef knew that he had been academically dismissed and was now out of school. That he didn't know he had been – I mean, every student knows whether he goes  I mean, he was unaware that he had been academically dismissed and was now out of   school or not. There is an opportunity for reasonable mistake here, Your Honor, just like with the other categories. Even though he was out on a firing range? He should have been at school if he hadn't been dismissed. He also had a hunting license, for example, that the defense wanted to introduce into evidence. He was taking a course on firearms. Could have been. But, I mean, does the evidence suggest that there was a lot of confusion about his status as a student? The government's evidence is all that we have because the defense didn't introduce it. But if the defense had been allowed to introduce the hunting license, the court said there would be confusion because he didn't have to have knowledge. But a hunting license was relevant because if he thought he was a student still, if you're on an F-1 visa, you're allowed to possess a firearm anywhere at any time if you have a hunting license. So the fact that he went out and got one and then went to the firing range and shot the firearms indicated, would have indicated or supported his defense. Additionally, he was stopped for a traffic infraction, and no one told him at that point that he had a warrant out for him or that he was illegally here, which the court kept that out of evidence because it would have caused confusion as to knowledge and as to status. But again, it would have been relevant to his knowledge if that was allowed to be a defense. Alito Suppose someone who is admitted on a student visa doesn't go to school, has every reason to know, understands that he has to continue in school for his visa to be valid, and he has every reason to know that he's not any longer considered to be a student by the school, hasn't been there for months and months and months, hasn't done one single thing, but doesn't actually know for sure that they have expelled him. Your position is that that person would not fall within the statute? Our position is that that would be a jury question. No. The question is what in the end. In his heart of his mind, he does not know that he is not a student, but he has every reason to know that he is no longer a student. Again, with respect, if someone has every reason to know, it can be inferred that the person does know. Intent and knowledge are All right.  He didn't really know, but he had every reason to know. Is that person guilty or not guilty? If the fact finder finds that he truly did not know, then he would not be guilty, Your Honor. And do you think that's really what Congress meant here? Yes, Your Honor, but I don't think that will happen in that type of a situation. I think that take, for example, the Dreamers, children who come into this country with their parents illegally, live here all their lives, and think they're law-abiding citizens, only to find out later in adulthood that they never were law-abiding citizens, they're not citizens at all. But if that person who had no idea he was here illegally or unlawfully possessed a gun, he would be subject to 10 years in prison under the way the case, the law has been interpreted by the Court below. We're asking the Court to apply its mens rea presumptions, as the Court has done in the past in every case when confronted by him, and to look at the – and to apply mens rea to the knowledge, to the status element. That way, at least – It does seem fairly easy for the government to prove status like you're a felon in possession, because there's a whole series of ways you should know you're a felon. Transcript of you pleading guilty could be one of them. Or a judgment of conviction, you have to be there to get that. Exactly. But how about 922G3, who says where the status element is being addicted to a controlled substance? Why would Congress want to punish someone who is aware of being addicted because they sought help, but not someone who is in denial? Meaning, my parents, yeah, put me in a program, but they put me in against my will. And if the person knew the facts underlying the legal definition of addicted, they knew that they were dependent on those drugs. They knew that when they weren't taking them, they started having withdrawals or whatever the legal definition, the facts. But how would the government be able to prove that? Meaning, in the bulk of the cases, practically speaking, it's going to be proved by the same evidence that the government uses to show the person was addicted. And as in all the other statutes that require knowledge, the jury will have to infer knowledge through reasonable inferences or find that those reasonable inferences don't support the knowledge. And what about subparagraph 8, which applies to a set of individuals who are defined in a very complicated way? So there has to be a restraining order. That includes a finding that the person represents a credible threat to the physical safety of an intimate partner or child. And then the order by its terms must explicitly prohibit the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury. So it has to be proven that the defendant knew all of those things? The defendant knew the fact that he had been to court or he had been given notice of court because of a restraining order that was related to his violent conduct. It has to know all those characteristics of the restraining order? Yes, Your Honor, which would be demonstrated by the restraining order that he received a copy of in the bulk of the cases. That hasn't been prosecuted nearly as much as, of course, the felon in possession. But the felon in possession is illustrative because it shows if you have a judgment, for the most part, you're going to know why this judgment came about, that you were Someone is charged with being a felon in possession, and the prosecution has to prove that the person knew that this offense was a felony. Can the prosecution be prohibited from – can the defendant, by offering to stipulate, prohibit the prosecution from proving the nature of the felony? Because if all the jury knows is that there was a conviction for a felony, then the jury doesn't know how serious this crime was. The more serious it is, the more likely it is the person was aware of it. Normally, you can't force a party to agree to stipulate a fact that the party is entitled to prove. Which would make Old Chief an even stronger tool in the prosecutor's hands, because the prosecutor would not have to stipulate if the defendant is challenging his knowledge of status. He cannot force the prosecutor to stipulate, because it would then become probative. The nature of the offense would be probative to effect, and the probative value would outweigh the prejudice. Well, if that's true, then you are perhaps not going to win a great victory for people charged with being a felon in possession. So then the prosecution can prove, even if there's an offer to stipulate, can prove, well, this person was previously convicted of rape and bank robbery and assault. If that's true? If the defendant is challenging his knowledge that it was a felony, if he's just challenging his knowledge that he ever was convicted, that might be different. But if he's challenging his knowledge that he knew this was a felony or that he knew it was a serious offense, punishable by more than one year, and he claims, I didn't know that, then he's made that probative, the type of offense, the nature of it, and the name. And we believe, if the Court has no further questions, I would like to reserve the rest of the time. Thank you, counsel. Mr. Keenum. Mr. Chief Justice, and may it please the Court. The Firearm Owners Protection Act does not take the unusual step of requiring proof that the defendant had subjective awareness of his own legal status, nor does it create a safe harbor for aliens or felons who remain ignorant, even recklessly ignorant of their own circumstances. Instead, FOPA reflects the longstanding nationwide consensus that a defendant knowingly violates the statute if he, despite his prohibited status, knowingly possesses a gun. I think it's – pardon? What do you do with that Dreamer, with that Dreamer example, or a student who got a visa from a certified institution, and all of a sudden, unbeknownst to him or her, the school is decertified, and so they're no longer in status? What – I agree with you in the vast majority of cases, the status is pretty self-evident, but – or lack thereof is self-evident. But do you think Congress intended to include those innocent people as well? Innocent of knowing their illegality. I acknowledge that application of the government's test in certain hypothetical examples that we could come up with would produce harsh results, and perhaps you're not comforted by the fact that this provision is applied many thousands of times every year, and no one has been able to identify an example like the type you've raised or anything close to it. Well, I guess my question becomes, what do we do with the Staples presumption? Sure. That you were not going – we're going to not read in or read out a mental element for the conduct or the part of an element that makes you guilty of something that's otherwise not guilty. Possessing a gun is not in and of itself a blameworthy conduct. That's correct. And the only blameworthy conduct is if you're an illegal alien. That's correct. But our argument here is not that possessing a gun is blameworthy or inherently dangerous, and therefore you're charged with knowing the law. Our argument is that there are certain people who, by virtue of their circumstances and status, are charged with knowing or at least being on notice of whether they have a certain status. So someone who is an alien has a – has an obligation, if they're here in the United States, to know whether they're here lawfully or unlawfully. But what if they're mistaken? So it's a mistake of fact. A mistake of fact has always been recognized as a defense, or put conversely, knowledge has always been required, going back to Justice Jackson and Morissette and all through the cases, as required for all the elements of the offense. The court of appeals acknowledged that it – So what if there's a – what if there's a mistake of fact? Sure. The court of appeals recognized that in a case of a genuine mistake of fact, it might be willing to acknowledge that. But that would not be – Well, once – then the camel's nose is under the tent, isn't it, counsel? And tent matters except for when it doesn't? Knowledge matters except for when it doesn't? No, Your Honor. A mistake of fact is an affirmative defense that has to be raised and proven beyond a prejudice. Oh, okay. So you're just saying there's an affirmative defense. So we're just going to recreate this as an affirmative defense throughout? So what's the – what's the delta between the defendant's position and the government's position, then? It's whether it has to be proven in every single trial. Let me ask you, just to follow up on – since Robert Jackson's name has been invoked here, Morissette, the contention that an injury can amount to a crime only when inflicted by intention is no provincial or transient notion. It is as universal and persistent in mature systems of law as belief in freedom of the human will and a consequent ability and duty of the normal individual to choose between good and evil. What do we do with that? And this Court's presumption that some mens rea is necessary. And it is. And here we're talking about the only thing that separates not just innocent conduct but constitutionally protected conduct, potentially, is knowledge of the status, knowledge that I am a felon. As you well know, I had a case where the felon was told by the judge that he was not a felon when he was convicted. And yet he was put in jail for 10 years afterwards because the government didn't have to prove that he knew his status. What do we do about Justice Jackson's admonition to us? His admonition was about creating strict liability offenses, which this is not. If you start with the presumption that the defendant is going to possess the gun – Well, it wasn't just about that. It was about mens rea. And we've got excitement video as well. So if – All of those cases are ones in which there was a list of elements usually followed by some word like knowingly, and the presumption is that it applies to all of the other elements. We don't have that here. We have a separate provision, 925 – Well, with respect, we've got maybe even worse here. Knowingly precedes certain elements. It precedes. And this is the very first element that follows after the word knowingly violates. This is the very first element. So, Your Honor – Substantive element. It is not. And the other element – if I can just finish my question, you can tell me I'm wrong for as long as you want. But the next – the elements that follow, you would admit that knowingly applies to, but just not this one. How does that work? It's a bit of grammatical gravity I'm not familiar with. So the phrase knowingly violates in 924a2, we interpret to mean knowledge of conduct, the same way that this Court did in the International Minerals and Chemical Corporation case. At issue there was a statute that applied to someone who knowingly violates any such regulation. What this Court said is, that requires knowledge of the specific acts or omissions that underlie the separate regulatory offense. Specific acts or omissions is a direct quote. And this Court relied on the same understanding more recently in the Bryan case, which construed a different subsection of 924a. How is the defendant blameworthy if he or she truly thought – truly thought that the status was lawful and then possesses the gun? Just focus on that question. How is that person blameworthy? So I'm not sure that they are, but I think the more – Okay, let me stop you there. Then why should that person be subject to 10 years in prison? Because the more relevant question is whether the Congress that enacted FOBA in 1986 had any reason, given its 50-year history with the Federal firearm laws, to think that cases of that type would be a problem. Congress normally legislates – But suppose – suppose, and I think you're right in the sense that 99 percent of the time or 90 percent of the time this is going to be so easy to prove, but there are going to be those cases, the delta of cases, where the defendant truly was mistaken about his or her status. And you just said is not blameworthy in that circumstance. I think I have that right. And yet you would put that person in prison for up to 10 years. In the vast majority of those cases – first of all, almost all of these cases. Well, what was wrong about my summary of your position? Sure. In the vast majority of cases, the type of mistake that the defendant will have made will be a mistake of law. They will have misunderstood – Possibly – I'm sorry to interrupt. Possibly true, and in those cases, you won't have a problem. But there are going to be some that are a mistake of fact, and yet – and you've said the person's not blameworthy. So it is notoriously difficult to figure out what is a mistake of law versus fact. And let me give you an example. Petitioner says he was mistaken about whether if he had a hunting license that allowed him to possess a gun. It doesn't. There is no legal right to possess a gun for an alien unlawfully in the country just because you have a hunting license. But, of course, that is the type of mistake that defendants are liable to raise. And given that 10,000 out of the 11,000 prosecutions last year for 922G were for being a felon in possession, you are going to risk fundamentally changing the entire – 95 percent are – I'm sorry. Please go ahead. Why is everybody assuming there has to be a mistake of fact? I mean, law sometimes can be a fact. I mean, a person overstays his visa.  So he doesn't know he's overstayed it. He isn't quite sure what the law is. There's a law that says it is a serious crime, 20 years in prison, to stay in a Federal building illegally after there's a rule which says you have to leave. Nobody knows about it. In fact, I just made it up, so I doubt we know. But, look, there could be many situations where you just don't expect that person to know, not necessarily the law that forbids the thing, but where the thing itself is composed in part of a law. Many cases where they don't know what it is. So where in the Supreme Court has this ever said, even in such a case, always, under all circumstances, write to jail? So I agree with you morally speaking that someone who makes a mistake of law –  I agree with you morally speaking. I have the naive view that criminal law, by and large, should follow morals. And if it doesn't, maybe we should look pretty hard. I think that's what Justice Black's – so, Justice Jackson. So if you agree with that, too. So go ahead. Where does it – go ahead. Acknowledge that you have to be violating the law is a willfulness requirement. Congress made explicit that it was distinguishing between types of offenses for which willfulness was required, the relatively minor offenses, things like record-keeping violations, and it was leaving in place the normal knowledge requirement. That isn't – you've missed the question. I agree with you that it is a willfulness requirement where we are looking at the statute that makes the thing unlawful. All right? So don't look at that. I agree with that. But now let's look at that which it makes unlawful. Now, when we look at that which it makes unlawful, sometimes the that which it makes unlawful could in part be composed of rules or laws. Sure. And it's that part that I am uncertain, though you may know, you know, that this Court has always said you have to know the legal status. Sure. So is it – does it – has it said that? Have we said that? So I think that this Court has consistently said that unless a willfulness requirement is imposed, you do not, in fact, have to show that the defendant had any awareness that they were violating any law, much less the specific law. Even including the instance where you have a criminal statute that has within it a thing. Sure. And the thing is in part composed of laws. Let me suppose there are Armenian laws. Yeah. Or suppose they're – suppose they're so technical. So maybe I could step back and answer your question this way. Even assuming that Congress thought there was some mens rea necessary with respect to status, would Congress have chosen knowingly? And I think we know the answer is no, because we have subsection D, the firearm dealer provision, which applies where the defendant knows or has reasonable cause to believe that the person who's purchasing the gun has a prohibited status. So why would Congress presume that the firearm dealer has more information about the person purchasing the gun than the person who purchases the gun has about themselves? Well, that's a – that's a very good point. And unless – so unless the text tells us definitively what the mens rea element is for every element of a criminal statute, and is there anything to prevent us from inferring that the mental element required for a – for one element is different from the mental element required for another element? No. Presumably, 924a2, the knowingly violates, has to work the same way for all subsections, not just G, but D as well, except Petitioners have a problem, which is that you cannot knowingly violate a requirement to reasonably believe something. Wait a minute. Congress – Congress can legislate exceptions to every general rule. If the baseline is knowing for every element and all of a sudden Congress has another definition, the specific governs the general. So it's – it's not clear how you get there textually, but it also doesn't explain why, for instance, in subsection H or A6, Congress has specified a knowledge requirement there. In H, for instance, you have to know that your employer has a prohibited status. So why would Congress specify knowledge there if you were already going to import a knowingly requirement into every provision? I don't – I don't think I agree with you on the fact that it has to be read the same way in certain opinions where you have long lists of things and this one's like that and this is like that and the other thing's like that. And we know for a fact that you don't have to prove knowingly where you're talking about a jurisdictional hook, and so you could have some of these A, B, C, D, E that have jurisdictional hooks and others that don't. You wouldn't apply knowingly to the hook and we would apply it to other things and so forth. So let me speak then directly to the idea of knowledge of status, because to a certain extent, mens rea is really about what facts a defendant is presumed to know or at least be on notice of versus the type that should be proven to a jury beyond a reasonable doubt. And there's a reason that we don't require in a case of statutory rape the government to prove that the defendant knew the victim was under the age of consent. Because even if he didn't know, he was on notice. It was incumbent upon him to find out. And by the same token, if you're an alien in the United States, it is incumbent upon you to know whether you're here lawfully or unlawfully. Well, you'd agree, first of all, I think, that the immigration laws are kind of complex. They are. All right. And people can make mistakes. Absolutely. No doubt. Like the dreamers we've talked about, for example, DACA recipients, whatever. You'd also, I think, agree in D that there's language before you get to the new mens rea, before the reasonable cause, that the knowingly from 924 could attach to. There is. Okay. All right. So why shouldn't knowingly attach the first substantive element that it comes across in G? Because it's contained in a separate provision, which means that you don't have the same distributive language presumption that you would have if it were a knowingly followed presumption. No, not distributive, but the very first substantive element. So I don't think anything about Petitioner's argument would change if it said anyone possessing a gun that traveled in interstate commerce who is an alien unlawfully in the United States. I don't think the order matters for that argument. But it matters to you because you admit it attaches to the second substantive element. Because it's conduct. Not because it's the second one. Well, the status is a product of conduct, isn't it? I don't. One is an illegal alien because of one's conduct. One is a felon because of one's conduct. These are not immutable characteristics. That is true, but I don't think it means that having been convicted of a crime punishable by more than one year necessarily means that being punishable by more than one year is your status, something of which naturally you would normally be aware. You'd agree that most of these cases you're going to be able to resolve by plea agreement? I think that's right. You made a point about Congress and statutes use different kinds of mens rea in different sections. Sure. And that's the whole point, right? Congress is all over the place in terms of mens rea. That's right. It's new statutes. And that's why this Court for a long time has started with a presumption of mens rea for every element of the offense. Congress can override that, but the presumption exists for all the elements, whether Congress put in a mens rea for one element and there are three others, or whether Congress put in no mens rea at all, we apply the mens rea. Is that a correct statement of the law? That is. And let me give you another example, a textual clue that Congress didn't want to give. There are two instances, only two, that we're aware of where someone actually might not reasonably know or Congress might worry that they wouldn't reasonably know their own status. And Congress was explicit for both of them in its treatment. The first one is subsection G-8, which applies to someone who's subject to a restraining order, which you might not know because some restraining orders are issued ex parte. And so Congress specified in G-8 that the restraining order has to have been issued, quote, after a hearing of which such person received actual notice and at which such person had an opportunity to participate. The other example is someone who's subject to an indictment. One court pointed out that a lot of indictments are under seal, and so you wouldn't necessarily know that. So Congress took the indictment language, put it into its own subsection, subsection N, and imposed a willfulness requirement. So you have to know. Breyer. And then a person who overstays his visa, a person who overstays his visa just inadvertently is always knows that. A person who was brought to this country by 2 years old, by his parents, and now he's 21 years old, and they've never told him anything about being brought here when he was 2 years old, he's lived in Austin, Texas, he knows that. Now, you see, I can fairly easily think of many other examples besides that indictment. And absolutely we can. But, you know, Congress normally legislates with the haystack in mind, not the needle. But that's why perhaps, that's perhaps why courts tend to read into silent language mens rea requirements, such as our statute I'm making up. I think it does illustrate the example. Anyone who robs a veteran of a medal that is in categories X, Y, Z, and C, the greatest honors and the lesser honors and so forth, goes to jail for 15 years. I just thought of that because it seems to be incredible that a person who had no idea what category this medal was in would suddenly be charged with knowledge of that legal fact. So it's not hard, I think, if you have more time, to think of tremendous unfairness that can exist. We can come up with hypotheticals. But, again, the question is whether Congress had any reason to redesign the way that firearm prosecutions had always worked in every court of appeals around the country out of concern for a category of cases that, if it exists at all, is vanishingly small. Counsel, you talk about this prior history as if it were handed to us on tablets. But the only prior history I'm aware of really is that Fourth Circuit opinion, caps. And it seems to rely on a very convoluted parsing of the legislative history of a predecessor statute. That's what the holdings of the courts of appeals on your side all rest on at the end of the day. And that's a mode of interpretation that's not exactly preeminent today. And even for those of us who do attend carefully to legislative history, it's the only prior statute that's been superseded. And I don't know many of us who think that is enough to overcome clear language of a present statute. So what do we do about that? We have made a textual argument that does not rely on the arguments that appear in those Fourth Circuit arguments. Fair enough. But you just told us that we should be careful about undoing the careful work of the courts of appeals for the last 50 years. But if it all hinges on a terrible mistake, that argument seems to me – may have other arguments, but that one doesn't seem to be a very good one. I'm sorry. I was making a different point. I'm sorry if I was unclear about it. My point was, in 1986, there had been a national consensus. Every court of appeals to consider the issue had held that there was no knowledge of status required. Presumably, if Congress wanted to revolutionize the way that one of the most frequently prosecuted Federal crimes worked, it would have been a whole lot clearer. As it was, Congress did something in FOPA that every court of appeals interpreted as leaving in place the underlying rule. If we could turn briefly to the practical consequences of this decision. Ms. Kagan, before you do that, sorry, do you think that there's a difference between a jurisdictional element and a status element like this one? I think it's not a difference in kind. I think it goes to the point that Justice Alito was making, namely that there are some things that we presume people either are aware of or on notice of, or it's just not the type of thing that Congress would want to have to prove to a jury. And there are other things that Congress would assume that we would prove to a jury. Our argument is that legal status is the type of thing, especially the defendant's own legal status, that Congress would not have wanted to require. And that becomes even clearer when you see that every time in 922 that Congress wants to require proof of some mental state with respect to the legal status, it is explicit about it. We've mentioned subsections D, subsections H, A6. We've talked about subsection N. We've talked about G8. Those are all instances where Congress might have worried that someone wouldn't know, for instance, the status of the person you're selling the gun to. And that's why Congress included an explicit mental state. It did not include the same in subsection G. The rule about so-called jurisdictional elements seems to me must rest on an inference about congressional intent. And the argument against reaching a similar inference with respect to a defendant's status is that in a case like this one, the conduct in question would often not be criminal were it not for the person's status. I think it's an overstatement to say that it's always lawful activity. It depends on the jurisdiction. But in any event, so can it be distinguished on that ground, or would we run into problems in the situation where the conduct in question is subject to prosecution under State law and Federal law, but what the jurisdictional element does is to make it much more serious, to impose a much more serious penalty? So I'm not sure it can be distinguished on those grounds. I'm glad that you brought up State law, because we've been talking about Federal law here, but nearly every State has its own possession law. And as far as we're aware, not a single one of them requires proof that the defendant had any mental state with respect to their status, which I think is relevant in two ways. First of all, it shows that this is unlikely – it is unlikely that States would have structured all of their laws this way if it invited abuse or routinely ensnared the innocent. But I think it also goes to what is the general expectation of what someone is on notice of? And I think it shows that if all States are making the same assumption that a defendant is on notice of his own status, it's not unreasonable to think that Congress was resting on the same assumption. Going now to the practical problem. Justice Gorsuch, you are 100 percent correct that in the vast majority of cases, people plead guilty. On the other hand, we're talking about 10,000 felon in possession offenses. And what happens is, although it will be extraordinarily rare that a defendant in fact will not know that he is of his own status, it is something that will have to be proven at every trial, which means that the focus of the trial – Ginsburg Well, in fact, practically that won't be so because the last thing in the world that the defendant will want is for the jury to know that he committed some heinous crime. So that will often be the case. It won't always be the case. It's the easiest thing in the world for a defendant to say, I just didn't know or even if I did know at one point that my crime was punishable by more than one year, I forgot. Imagine a defendant who received a 10-month sentence. Alito But juries don't believe that. Gorsuch Sometimes they do. Sometimes they don't. Alito Well, I mean, if you've got a ridiculous defense, it's not going to work. Gorsuch It's not ridiculous for a defendant who, let's say five years after his prior offense for which he received a 10-month sentence, to say, at the time of my later gun possession, it's just not something that I remembered because I only got 10 months, so I wasn't thinking about the potential. Alito All right. So we're dealing with two classes of cases, then, if I understand your argument. One is it's going to be easy to prove in the mine run of cases. It's not going to be a big deal. But there is a small but significant number of cases where, gee, it's really going to be a colorable question and, therefore, a burden on the government. It seems to me a double-edged sword, isn't it? So our argument is not that it's a burden on the government. Sometimes it will be, but usually it won't. And in any event, we're not asking for your sympathy. Our point is that you risk shifting the focus of all felon in possession trials out of concern for a category of cases that, if they exist, is extraordinarily small. Breyer That does seem like you're asking for our sympathy, with all respect. Alito You are referring to burden, too. Breyer Yes. Alito That's your argument.  You said you want to turn to the practical consequences, the burden on the government. Breyer It's not Alito And then we dismissed most of them as not burdensome at all, and now we're left with these. Breyer So, again, the problem is not the burden on the government. Imagine you are a juror at a felon in possession trial. Alito What is the practical consequence argument, then, if it isn't the burden on the government?  It's that it will be deeply confusing to the jury. So imagine you are a juror. Alito So you're worried about  And you're considering a person who didn't know he was brought here at the age of two. Okay? And that's the case I'm imagining, because I imagine our criminal justice system is aimed at proving the guilt or innocence of each individual. And it doesn't help to say there are a lot of other people who are guilty. This one didn't know he overstayed his visa. Now, what fairness, what purpose is it served to send that person to prison for 10 years? Respectfully, Justice Breyer, if you reinterpret the mens rea for every 922G offense out of concern for that hypothetical category of people, that is worse than letting the tail wag the dog. That's letting the tail wag the dog where the dog is massive and the tail is tiny and largely hypothetical. And the dog is that we're concerned about juries not being able to understand? And the fact that you are shifting the focus. Imagine you are a juror, and you are at a felon in possession trial. And all of a sudden, the judge, the witnesses, the lawyers all start talking about a prior crime totally unrelated. Under the best of circumstances, that sort of trial within a trial can be deeply confusing. Deeply confusing for a jury. And we just shouldn't trust juries, even though it's enshrined in the Constitution that every person is entitled to have their guilt or innocence. We need to worry. We need paternalistically to worry about juries. No, Your Honor. But if you are convinced that that is what Congress had in mind when it enacted FOPA in 1986, then yes, that is the result that you would reach. How many people are now serving time in Federal prison under the felon in possession statute? Well, given that it's about 8, 9, 10,000 a year, it's going to be a very high number. If I could, because my time is So in Morrissette itself, the charge was converting government property. And the defendant's argument was I didn't think it was government property because I thought it was abandoned. The government there argued, who cares? It doesn't matter if you thought it was abandoned. And Justice Jackson solved the problem. And why is that different from this case? There, the abandoned property. Here, your didn't know your status. Because here we're talking not just about a legal status, but the defendant's own legal status, something of which he presumably is aware or at least is charged with being aware. What a defendant can't do is say I don't remember when my visa was going to expire and you know what, I'm not going to bother to figure out. Because as long as I remain ignorant, even recklessly ignorant about my own status, that means that I can't face liability. If I could just tie together the various strands of our textual argument, it is first that you are separating out knowingly violates from the regulatory prohibition, which this Court has read, to mean that it's a reference to the specific acts or omissions that violate the prohibition. Two, the fact that you're dealing with the defendant's own legal status. Three, the fact that knowingly violates, if you import the knowing requirement, produces all sorts of doubled mental states or incompatible mental states under subsections D, H, and A6. Four, the fact that Congress was always explicit in 922 when it wanted to require a particular mental state with respect to background circumstances. And five, in the two instances where Congress thought that maybe someone reasonably wouldn't be on notice of their status, it made specific provision of those. All of that combined with the 50-year history that Congress had at its fingertips when it enacted FOPA in 1986. Moreover, the fact that if Congress had a problem with the way every court of appeals in the country has interpreted FOPA, presumably it would have done something about that in the last 30 years. And yet, even though 922 and 924 have been modified more than a dozen times, Congress has not done so. If there are no further questions? Ginsburg. I would like to know your view of, let's just say we would reverse the collateral review issue that I asked about. Sure. So the government's view is that under Bousley, the defendant would have to show on collateral review that he was actually innocent, meaning he actually did not know about his status. But, of course, any defendant could raise that argument and would have every incentive to try and raise that argument. Thank you, counsel. Six minutes. Ms. Cacmus. Thank you, Your Honor. First, I'd just like to point out, I think that 10,000-a-year prosecutions under this statute is somewhat overstated in that the Sentencing Commission has indicated in the past 15 years there's only been 65,000. But regardless, the bulk of them are under the felon in possession. And we acknowledge that the bulk of the time there's not going to be a problem, but that's a small but significant number of cases there is a problem in where there is honest misadvice by a judge, and the defendant believes the judge. Is he supposed to inquire further and say, judge, you're wrong? We would respectfully submit that's not practical or fair. In essence, the government says it's not adding or complaining of its burden, but rather is concerned about the added burden on the jury and the jury confusion, but virtually every statute has knowledge and the jury sorts it out. That's what they do. The government is, in effect, asking this Court to create a whole new rule, a rule that relieves it of its burden to prove the only critical fact that makes firearm possession in this country illegal, and that fact is status. Our reading, applying it to the status, is consistent with the plain language of the statutes, with this Court's canons of statutory construction, and with the asserting knowledge in the first place. Congress did something different. Prior to FOPA, knowledge was not in the statute. It's there now. The fact that other Congresses afterwards have not changed it adds very little weight and is a very weak canon this Court has described. And for all those reasons, we'd ask the Court to reverse. Thank you. Roberts. Thank you, counsel. The case is submitted.